**WO**                                                                                          MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Boy White, | No. CV 11-2126-PHX-GMS (MEA) |
| Petitioner, | **ORDER** |
| vs. | |
| Director Charles Ryan, et al., | |
| Respondents. | |

**I.      Procedural History**

On August 12, 2011, Petitioner Boy White, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis* in the Tucson Division of the United States District Court for the District of Arizona, <u>White v. Ryan</u>, 11-CV-500-TUC-FRZ (DTF).  In an August 24, 2011 Order, the Court denied the incomplete Application to Proceed *In Forma Pauperis* and gave Petitioner 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On September 12, 2011, Petitioner filed a second Application to Proceed *In Forma Pauperis*.  In a September 21, 2011 Order, the Court denied the second Application to Proceed *In Forma Pauperis* because it too was incomplete.  The Court gave Petitioner 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On September 30, 2011, Petitioner filed a third Application to Proceed *In Forma Pauperis* and a Certified Statement of Account from the Arizona Department of Corrections

TERMPSREF

Inmate Trust Accounts Office.  In an October 11, 2011 Order, the Court denied the third Application to Proceed because Petitioner had more than $25.00 in his inmate account.  See LRCiv. 3.5(b).  The Court gave Petitioner 30 days to pay the $5.00 filing fee.

On October 21, 2011, Petitioner paid the filing fee.  In an October 28, 2011 Order, the Court ordered the Clerk of Court to transfer the case to the Phoenix Division, pursuant to Local Rule of Civil Procedure 5.1(b), because Petitioner was convicted in Maricopa County Superior Court.  See LRCiv. 77.1(a).   The case was randomly assigned to the undersigned judge.

**II.    Petition**

Petitioner was convicted in Maricopa County Superior Court, case #2006-030927-001-SE, of one count of theft and two counts of burglary.  He was sentenced to an 11-year term of imprisonment for the theft conviction and 4-year terms of probation for the burglary convictions.  In his Petition, Petitioner names Director Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises three grounds for relief: (1) he received ineffective assistance of counsel; (2) he did not voluntarily and intelligently enter into the plea agreement; and (3) his "mental state, after being incarcerated for two years, was diagnosed as schizophrenic." Petitioner alleges that he has presented these grounds for relief to the Arizona Court of Appeals.  The Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

**III.    Warnings**

**A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.    Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a

certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.     Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2)     Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3)     Petitioner may file a reply within 30 days from the date of service of the answer.

. . . .

. . . .

. . . .

. . . .

. . . .

1       (4)      This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules

2  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and

3  recommendation.

4       DATED this 1st day of November, 2011.

5

6

7                     G. Murray Snow
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28