**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Boy White, | ) |
| | ) |
|       Petitioner, | )   CIV 11-02126 PHX GMS (MEA) |
| | ) |
|       v. | )   REPORT AND RECOMMENDATION |
| | ) |
| Charles Ryan, Arizona Attorney | ) |
| General, | ) |
| | ) |
|       Respondents. | ) |
| | ) |
| _____ | ) |

**TO THE HONORABLE G. MURRAY SNOW:**

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus on August 12, 2011. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 19) on January 6, 2012. On January 31, 2012, Petitioner filed a reply to the answer to his petition. See Doc. 20.

**I Procedural History**

A grand jury indictment returned July 12, 2006, charged Petitioner with three counts of fraudulent schemes and artifices, class 2 felonies (counts 1, 5, and 8 ), seven counts of burglary in the second degree (counts 2, 4, 6, 7, 9, 10, and 11), and one count of theft (count 3). See Answer, Exh. A.

In a written plea agreement signed by Petitioner on February 16, 2007, Petitioner agreed to plead guilty to one

count of theft (count 3), with one prior felony conviction; one count of burglary in the second degree (count 6); and one count of burglary in the second degree (count 9). See id., Exh. E. The plea agreement provided, inter alia, that, with regard to the sentence to be imposed on count 3, the charge of theft, the crime carried a "presumptive sentence of 6.5 years; a minimum sentence of 4.5 years (3.5 years if the Court makes an exceptional circumstances finding); and a maximum sentence of 13.0 years (16.25 years if the trial court makes an exceptional circumstances finding)", and that Petitioner would serve "not less than 6.5 years in the Department of Corrections." Id., Exh. E.

At a change of plea proceeding, the trial court reviewed the plea agreement with Petitioner and advised him of the range of possible sentences. Id., Exh. F & Exh. G. Petitioner's counsel advised the court at the beginning of the proceeding that Petitioner was illiterate and could not read nor write English. The court informed Petitioner that the maximum sentence he could receive based on a guilty plea to count 3 was 13 years imprisonment, which could be increased to a term of 16 years upon a finding of special circumstances. The court noted that Petitioner would not be sentenced to less than 6.5 years imprisonment.

At the change of plea proceeding Petitioner told the court the plea agreement had been read to him and that his lawyer had explained the plea agreement to Petitioner. Petitioner was told he was waiving his right to a jury trial and

-2-

to have a jury find him guilty beyond a reasonable doubt. Petitioner stated that he had not consumed any drugs or alcohol prior to entering the plea. Petitioner admitted the factual basis for the crimes to the court.

On April 12, 2007, the trial court entered judgment pursuant to Petitioner's guilty plea, and sentenced Petitioner to an aggravated term of eleven years imprisonment pursuant to his conviction for theft (count 3). The court suspended imposition of sentence on the other two counts and ordered that Petitioner be placed on concurrent terms of probation for four years upon his discharge from prison. Id., Exh. H & Exh. I at 12-14.

On May 9, 2007, Petitioner filed a petition for post-conviction relief, seeking a reduction in his sentence, in which he alleged:

> Defendant was told by his attorney that upon a plea of guilty, Defendant would receive a sentence of 6.5 years. When the Court sentenced Defendant to 11 years and Defendant asked his counsel why he didn't get the 6.5 years sentence promised by counsel, counsel snidely remarked, "Be glad you didn't get 13 (years)." Defendant signed off on the plea and initialed each paragraph only because counsel explained it meant a 6.5 year sentence. Defendant signed where counsel indicated—because Defendant is illiterate! A test administered by the Arizona Dept. of Corrections 5 days after sentencing indicates Defendant reads at a sub-first grade level and that his language skills are at a first grade level. (See: Exhibit "A", attached hereto and made a part hereof.) The words and language of the plea are far too technical for a 6 year old (--or first grader) mind to comprehend. Defendant signed and initialed where counsel indicated after counsel said it meant a 6.5 year sentence. Based on the facts

-3-

of this case, it is clear that the Plea was coerced and/or induced by counsel and that it was not knowingly and intelligently entered by Defendant in violation of his constitutional rights where defendant received an 11 year sentence after being promised a 6.5 year sentence. The facts also appear to raise the argument that Defendant also was denied effective assistance of counsel.

Id., Exh. N.

Petitioner was appointed counsel to represent him in his Rule 32 proceedings. See id., Exh. O. On August 10, 2007, Petitioner's appointed counsel informed the state court that she was unable to find any claims for relief to raise on Petitioner's behalf. See id., Exh. P. The state Superior Court ordered counsel to remain in an advisory capacity and granted Petitioner 45 days in which to file a pro per petition for post-conviction relief. See id., Exh. Q.

On October 31, 2007, the state trial court dismissed Petitioner's Rule 32 proceedings because Petitioner had failed to file a petition for post-conviction relief by the deadline imposed by the court. Id., Exh. R. Petitioner did not seek review of this decision by the Arizona Court of Appeals.

On July 10, 2008, Petitioner initiated a second action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Civil Procedure. Id., Exh. S & Exh. T. In attempting to justify the successive and untimely nature of the action Petitioner claimed "newly-discovered material facts exist which probably would have changed the verdict or sentence"; "the defendant's failure to file a timely notice of post-conviction

-4-

relief ... was without fault on the defendant's part"; and "there has been a significant change in the law that would probably overturn the conviction or sentence." <u>Id.</u>, Exh. S. <u>See</u> <u>also</u> <u>id.</u>, Exh. T.

Petitioner asserted in the second Rule 32 action that:

> 1. Defendant is illiterate and requires assistance as he cannot read or write and was put in solitary confinement with no assistance when he previously filed a "NOTICE of POST-CONVICTION Relief." Defendant received legal mail from the Court and an attorney but could not read it and waited months for legal assistance. Defendant has recently been moved to a new unit (Santa Rita) at ASPC Tucson, where help is available.
> 2. Stokes v. Schrio, Apprendi, Blakely, State v. Honorable Michael J Brown and the statutory changes to A.R.S. 13-702 prescribe the factors used by a judge to aggravate his sentence must be determined by "trier of fact" (jury) first.
> 3. A new witness has been located.

<u>Id.</u>, Exh. S.

On July 25, 2008, the state Superior Court dismissed Petitioner's second Rule 32 action because he failed to demonstrate that he was entitled to an exception under Rule 32.1(f); he failed to demonstrate a significant change in the law; he had waived his right to a jury determination of aggravating factors in his plea agreement; and he had not demonstrated that newly-discovered material facts exist that would probably have changed the verdict or sentence. <u>Id.</u>, Exh. U. Petitioner did not seek review of this decision by the Arizona Court of Appeals.

On March 13, 2009, Petitioner filed a third notice of post-conviction relief, seeking review based on newly-discovered evidence.  Id., Exh. V.  The Superior Court found that Petitioner had sufficiently raised a claim to allow an untimely filing, and gave Petitioner 60 days in which to file a pro per petition for post-conviction relief. Id., Exh. W.

Petitioner's pro per Rule 32 petition, filed January 4, 2010, alleged:

> The appointed legal advocate, Scott Allen, requested a mitigation hearing. Theresa Sanders, the sentencing judge, refused.
> Petitioner is diagnosed schizophrenic. He was untreated at the time of the burglary giving rise to the imprisonment. He was diagnosed and put on medication while awaiting trial.

Id., Exh. Y.

On March 29, 2010, the state trial court dismissed Petitioner's third Rule 32 action, determining he had failed to show any colorable claim for relief pursuant to Rule 32.1 of the Arizona Rules of Criminal Procedure.  Id., Exh. CC.  Petitioner sought review of this decision by the Arizona Court of Appeals, which rejected the petition as untimely filed.  Id., Exhs. DD, FF, GG, JJ.

On February 25, 2011, Petitioner filed another notice of post-conviction relief which alleged:

> Defendant is illiterate, and an inmate reviewing his "plea agreement" saw that the stipulated sentence was not followed. Defendant was diagno[s]ed as schizophrenic, which contributed to his lack of understanding of the plea and sentencing process. His counsel was ineffective, and did

1               not follow through on the stipulated
2               sentence, nor did he bring a m[i]tigating
              specialist. His Rule 32 counsel was
3               ineffective, and did not evaluate defendant's
              illiteracy, mental condition, and the
4               sentence stipulation. Defendant respectfully
              requests that a lawyer be appointed to review
5               this case and represent him in a
              post-conviction relief.

6 <u>Id.</u>, Exh. KK.

7        On March 28, 2011, the state Superior Court dismissed

8 Petitioner's fourth Rule 32 action as untimely, finding that

9 Petitioner had "failed to state a claim for which relief could

10 be granted in an untimely Rule 32 proceeding." <u>Id.</u>, Exh. LL.

11 Petitioner sought review of this decision by the Arizona Court

12 of Appeals, which dismissed the petition for review as untimely

13 filed. <u>Id.</u>, Exh. NN.

14        On August 11, 2011, Petitioner filed another notice of

15 petition for post-conviction, alleging:

16               Defendant/Petitioner White was sentenced in
              2007. He is illiterate. Another inmate at the
17               [illegible] unit looked at his time comp,
              release date does not compute. He should have
18               been given credit for more days served in
              Maricopa County Jail. Petitioner respectfully
19               requests that this court appoint an attorney
              to help correct this error.
20

21 <u>Id.</u>, Exh. OO.

22        On September 2, 2011, the state Superior Court

23 dismissed the petition on the merits, stating: "the defendant is

24 not being held beyond the expiration of his sentence." <u>Id.</u>,

25 Exh. PP. Petitioner did not seek review of this decision.

26        In his federal habeas petition Petitioner asserts he is

27 entitled to relief because he was denied his right to the

28                         -7-

effective assistance of counsel because his counsel allowed Petitioner, who is illiterate, to sign a plea agreement understanding that the agreement provided for a maximum sentence of 6.5 years and Petitioner received a sentence of eleven years. Petitioner also alleges counsel was ineffective because he did not assert Petitioner's incompetence; Petitioner avers he was diagnosed as schizophrenic two years after his legal proceedings. Petitioner contends he did not knowingly and voluntarily enter the plea agreement. Petitioner alleges he was heavily medicated at the time the plea agreement was explained to him by his counsel. Petitioner asks, as relief, that his sentence be reduced to the 6.5 years specified in the plea agreement. Attached to the pleadings is a form dated April 17, 2007, and a letter dated September 15, 2008, indicating Petitioner does not have a GED or high school diploma and that Petition has learning disabilities as a result of schizophrenia because his medications interfere with his focus.

## II Analysis

### A. Statute of limitations

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002).

-8-

Petitioner's conviction became final ninety days after the date the state court entered his conviction and sentenced Petitioner. Prior to this date, Petitioner filed a timely state action for post-conviction relief, which tolled the applicable statute of limitations until October 31, 2007, when the state trial court dismissed Petitioner's Rule 32 proceedings because Petitioner had failed to file a petition for post-conviction relief by the deadline imposed by the court. Petitioner did not seek review of this decision by the Arizona Court of Appeals.

Accordingly, the one-year statute of limitations with regard to Petitioner's habeas action began on or about November 30, 2007, and expired on November 29, 2008, unless it was tolled by a "properly filed" application for state post-conviction relief. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). See also Allen v. Siebert, 552 U.S. 3, 5–7 (2007) (holding that the rule announced in Pace applies even where there are exceptions to the state-court filing deadlines, and reaffirming that a state court's rejection of a petition as untimely is "the end of the matter" for determining whether a petitioner is entitled to tolling under § 2244(d)(2));

Petitioner's second state action for post-conviction relief, filed and dismissed in July of 2008 did not toll the statute of limitations because they were not "properly filed". See Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). See Zepeda v.

<u>Walker</u>, 581 F.3d 1013, 1018 (9th Cir. 2009) (rejecting contention that state must prove that rules concerning time bars are "firmly established and regularly followed before noncompliance will render a petition improperly filed for AEDPA tolling"). <u>See also</u> <u>White v. Martel</u>, 601 F.3d 882 (9th Cir. 2010) (per curiam) (relying on <u>Zepeda</u> to reject petitioner's claim that state timeliness requirement was not regularly applied, stating, "the adequacy analysis used to decide procedural default issues is inapplicable to the issue of whether a state petition was 'properly filed' for purposes of section 2244(d)(2)").

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. <u>See</u> <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2554, 2562 (2010); <u>Bills v. Clark</u>, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005). <u>See also</u> <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011-14 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. <u>See</u> <u>Chaffer v. Prosper</u>, 592 F.3d 1046, 1048-49 (9th

-10-

Cir. 2010); Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction. See Lee v. Lampert, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000). Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010). It is Petitioner's burden to establish that equitable tolling is warranted in his case. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2004); Gaston, 417 F.3d at 1034.

A petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Equitable tolling may be available when a petitioner can establish they are so mentally ill that they are incompetent. Compare Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003), with Bills, 628 F.3d at 1098. Alleged errors by a petitioner's appellate counsel do not per se constitute an "extraordinary circumstance" warranting equitable tolling. See Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir.), cert. denied sub nom., Randle v. Skolnik, 131 S. Ct. 474 (2010); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). It is not sufficient that counsel was negligent; only representation that meets the extraordinary misconduct standard can be a basis for applying equitable tolling. See Porter, 620 F.3d at 959.

Respondents assert:

> In this case, Petitioner has not demonstrated grounds for equitable tolling. Although petitioner claims to be "illiterate," and claims to have been diagnosed as "schizophrenic," he has not demonstrated either that the foregoing constituted "extraordinary circumstances," or that they made it "impossible" for him to file his Petition within the statutory period, notwithstanding his "diligence." See Steel v. Ryan, 2011 WL 6093378 (9th Cir. 2011); Bills v. Clark, 628 F.3d 1092 (9th Cir.2010) (condition must be so "severe" that either

-12-

the "petitioner was unable rationally or
factually to personally understand the need
to timely file" or "unable personally to
prepare a habeas petition"). Indeed, the
record reveals that Petitioner—who was
convicted in September 2002—was more than
capable of filing a timely federal petition,
but instead elected to pursue five state
petitions for post-conviction relief, with
the result that the statutory period expired
on November 30, 2008, over 2 1/2 years before
Petitioner filed his federal petition. See
Gaston v. Palmer, 417 F.3d 1030, 1034–35 (9th
Cir. 2005). Having failed to demonstrate that
"extraordinary circumstances beyond his
control" made it "impossible" for Petitioner
to file a timely federal petition, equitable
tolling is not available. Lambert, 465 F.3d
at 969; see also United States v. Marcello,
212 F.3d 1005, 1010 (7th Cir. 2000)
(upholding dismissal of petition filed 1 day
after limitations period expired).

Allowing that Petitioner's diagnosis of mental illness
and the fact that he diligently pursued post-conviction remedies
warrants equitable tolling, the Magistrate Judge will consider
Respondents' argument that Petitioner failed to properly exhaust
his federal habeas claims in the state courts. Respondents
contend that the claims for relief are also barred by the
doctrine of exhaustion and procedural default.

**B. Exhaustion and procedural default**

The District Court may only grant federal habeas relief
on the merits of a claim which has been exhausted in the state
courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.
Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729–
30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a
federal habeas claim, the petitioner must afford the state the
opportunity to rule upon the merits of the claim by "fairly

-13-

presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v.Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[1]

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a

---

[1] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2010).

-14-

specific <u>federal</u> constitutional right, as opposed to violation
of a state law or a state procedural rule, the federal habeas
claim was not "fairly presented" to the state court. <u>See</u>, <u>e.g.</u>,
<u>id.</u>, 541 U.S. at 33, 124 S. Ct. at 1351.[2]

A federal habeas petitioner has not exhausted a federal
habeas claim if he still has the right to raise the claim "by
any available procedure" in the state courts. 28 U.S.C. §
2254(c) (1994 & Supp. 2010). Because the exhaustion requirement
refers only to remedies still available to the petitioner at the
time they file their action for federal habeas relief, it is
satisfied if the petitioner is procedurally barred from pursuing
their claim in the state courts. <u>See</u> <u>Woodford v. Ngo</u>, 548 U.S.
81, 92-93, 126 S. Ct. 2378, 2387 (2006). If it is clear the
habeas petitioner's claim is procedurally barred pursuant to
state law, the claim is exhausted by virtue of the petitioner's
"procedural default" of the claim. <u>See</u>, <u>e.g.</u>, <u>id.</u>, 548 U.S. at
92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never
presented a federal habeas claim in state court and is now

---

[2] A petitioner must present to the state courts the
"substantial equivalent" of the claim presented in federal court.
<u>Picard v. Connor</u>, 404 U.S. 270, 278, 92 S. Ct. 509, 513-14 (1971);
<u>Libberton v. Ryan</u>, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair
presentation requires a petitioner to present the substance of his
claim to the state courts, including a reference to a federal
constitutional guarantee and a statement of facts that entitle the
petitioner to relief. <u>See</u> <u>Scott v. Schriro</u>, 567 F.3d 573, 582 (9th
Cir. 2009); <u>Lopez v. Schriro</u>, 491 F.3d 1029, 1040 (9th Cir. 2007).
Although a habeas petitioner need not recite "book and verse on the
federal constitution" to fairly present a claim to the state courts,
<u>Picard</u>, 404 U.S. at 277-78, 92 S. Ct. at 512-13, they must do more
than present the facts necessary to support the federal claim. <u>See</u>
<u>Anderson v. Harless</u>, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

-15-

barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. <u>See</u> <u>Castille</u>, 489 U.S. at 351-52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); <u>Coleman</u>, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; <u>Szabo v. Walls</u>, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" <u>Ellis v. Armenakis</u>, 222 F.3d 627, 632 (9th Cir. 2000), <u>quoting</u> <u>Wells v. Maass</u>, 28 F.3d 1005, 1008 (9th Cir. 1994).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. <u>See</u> <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 665 (9th Cir. 2005); <u>Beaty v. Stewart</u>, 303 F.3d 975, 987 (9th Cir. 2002). <u>See also</u> <u>Stewart v. Smith</u>, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal

convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); <u>Ortiz v. Stewart</u>, 149 F.3d 923, 931-32 (9th Cir. 1998).

## C. Cause and prejudice

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. <u>See</u> <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the <u>defense</u> impeded his compliance with Arizona's procedural rules. <u>See</u> <u>Moorman v. Schriro</u>, 426 F.3d 1044, 1058 (9th Cir. 2005); <u>Vickers v. Stewart</u>, 144 F.3d 613, 617 (9th Cir. 1998); <u>Martinez-Villareal v. Lewis</u>, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). <u>See</u> <u>also</u> <u>Correll v. Stewart</u>, 137 F.3d 1404, 1415-16 (9th Cir. 1998).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. <u>See</u> <u>Hughes v. Idaho State Bd. of Corr.</u>, 800 F.2d 905, 908 (9th Cir. 1986).

-17-

Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his criminal proceedings with constitutional violations. See Vickers, 144 F.3d at 617; Correll, 137 F.3d at 1415-16. Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

## D. Fundamental miscarriage of justice

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental

miscarriage of justice.  See Dretke v. Haley, 541 U.S. 386, 393,

124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316,

115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478,

485-86, 106 S. Ct. 2639, 2649 (1986).  A fundamental miscarriage

of justice occurs only when a constitutional violation has

probably resulted in the conviction of one who is factually

innocent.  See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649;

Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing

of factual innocence is necessary to trigger manifest injustice

relief).  To satisfy the "fundamental miscarriage of justice"

standard, a petitioner must establish by clear and convincing

evidence that no reasonable fact-finder could have found him

guilty of the offenses charged.  See Dretke, 541 U.S. at 393,

124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43

(9th Cir. 2001).

Petitioner does not contend that he is actually

innocent of the crimes of conviction, accordingly, no

fundamental miscarriage of justice will occur absent a

consideration of the merits of Petitioner's habeas claims.

Additionally, even if Petitioner's mental disabilities

constitute cause for his procedural default of his habeas

claims, Petitioner cannot show prejudice arising from the

procedural default of his claims.

> The "clearly established Federal law, as
> determined by the Supreme Court of the United
> States" at issue in this case is the test for
> ineffective assistance of counsel claims set
> forth in Strickland v. Washington, 466 U.S.
> 668, 104 S. Ct. 2052, [] (1984), and in Hill
> v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, []

-19-

1    (1985). Under <u>Strickland</u>, to establish a
     claim of ineffective assistance of counsel,
2    the petitioner must show (1) grossly
     deficient performance by his counsel, and (2)
3    resultant prejudice. 466 U.S. at 687, 104 S.
     Ct. 2052. In <u>Hill</u>, the Supreme Court adapted
4    the two-part <u>Strickland</u> standard to
     challenges to guilty pleas based on
5    ineffective assistance of counsel, holding
     that a defendant seeking to challenge the
6    validity of his guilty plea on the ground of
     ineffective assistance of counsel must show
7    that (1) his "counsel's representation fell
     below an objective standard of
8    reasonableness," and (2) "there is a
     reasonable probability that, but for [his]
9    counsel's errors, he would not have pleaded
     guilty and would have insisted on going to
10   trial." 474 U.S. at 57-59, 106 S. Ct. 366.

11   <u>Womack v. Del Papa</u>, 497 F.3d 998, 1002 (9th Cir. 2007).

12   To establish deficient performance, a person
     challenging a conviction must show that
13   counsel's representation fell below an
     objective standard of reasonableness. A court
14   considering a claim of ineffective assistance
     must apply a strong presumption that
15   counsel's representation was within the wide
     range' of reasonable professional assistance.
16   The challenger's burden is to show that
     counsel made errors so serious that counsel
17   was not functioning as the "counsel"
     guaranteed the defendant by the Sixth
18   Amendment.

19   <u>Premo v. Moore</u>, 131 S. Ct. 733, 739 (2011) (internal citations

20   and quotations omitted), <u>citing</u> <u>Harrington</u>, 131 S. Ct. at 788

21   ("The question is whether an attorney's representation amounted

22   to incompetence under 'prevailing professional norms,' not

23   whether it deviated from best practices or most common

24   custom."). Counsel's performance is not deficient nor

25   prejudicial when counsel "fails" to raise an argument that

26   counsel reasonably believes would be futile. <u>See</u> <u>Premo</u>, 131 S.

27   Ct. at 741; <u>Harrington</u>, 131 S. Ct. at 788.

28                                  -20-

Furthermore, to succeed on a claim that his counsel was constitutionally ineffective regarding a guilty plea, a petitioner must show that his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. <u>See</u>, <u>e.g.</u>, <u>Hill v. Lockhart</u>, 474 U.S. 52, 58, 106 S. Ct. 366, 369 (1985). Although the Court may proceed directly to the prejudice prong when undertaking the <u>Strickland</u> analysis, the Court may not assume prejudice solely from counsel's allegedly deficient performance. <u>See</u> <u>Jackson v. Calderon</u>, 211 F.3d 1148, 1155 n.3 (9th Cir. 2000).

Petitioner has not established that his counsel's performance was deficient, or that any alleged deficiency prejudiced Petitioner. The plea agreement was beneficial to Petitioner and Petitioner indicated both in the written plea agreement, which was read to him, and at the plea colloquy that he understood the terms of the plea agreement and was pleading guilty voluntarily and knowingly. Petitioner has not demonstrated that, but for counsel's advice with regard to the plea agreement, Petitioner would have chosen to go forward to trial on all of the counts charged in the indictment. Nowhere in his pleadings does Petitioner contend that he could not be found guilty of the other charges stated in the indictment and Petitioner fully understood that, if convicted of the other charges in the indictment, Petitioner faced a lengthy sentence.

Petitioner's unsupported statements in his federal habeas pleadings that his guilty plea was not voluntary do not

supply the "clear and convincing evidence" standard necessary for the Court to conclude that Petitioner's plea was not knowing or voluntary. Petitioner's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. See Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible"); Doe v. Woodford, 508 F.3d 563, 571 (9th Cir. 2007); Restucci v. Spencer, 249 F. Supp. 2d 33, 45 (D. Mass. 2003) (collecting cases so holding).

## III Conclusion

Petitioner's federal habeas petition was not timely. Petitioner is arguably entitled to equitable tolling of the statute of limitations based on his illiteracy and mental illness. Petitioner failed to exhaust his federal habeas claims in the Arizona state courts by fairly presenting them to the Arizona Court of Appeals in a procedurally correct manner and is now barred from doing so by Arizona's rules regarding waiver and preclusion. Even if Petitioner has shown cause for his procedural default, he has not established prejudice arising from his default of his claims, or that a fundamental miscarriage of justice will occur absent consideration of the merits of the claims.

1　　　　**IT IS THEREFORE RECOMMENDED** that Mr. White's Petition

2　for Writ of Habeas Corpus be **denied and dismissed with**

3　**prejudice**.

4

5　　　　This recommendation is not an order that is immediately

6　appealable to the Ninth Circuit Court of Appeals. Any notice of

7　appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

8　Procedure, should not be filed until entry of the district

9　court's judgment.

10　　　　Pursuant to Rule 72(b), Federal Rules of Civil

11　Procedure, the parties shall have fourteen (14) days from the

12　date of service of a copy of this recommendation within which to

13　file specific written objections with the Court. Thereafter,

14　the parties have fourteen (14) days within which to file a

15　response to the objections. Pursuant to Rule 7.2, Local Rules

16　of Civil Procedure for the United States District Court for the

17　District of Arizona, objections to the Report and Recommendation

18　may not exceed seventeen (17) pages in length.

19　　　　Failure to timely file objections to any factual or

20　legal determinations of the Magistrate Judge will be considered

21　a waiver of a party's right to de novo appellate consideration

22　of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114,

23　1121 (9th Cir. 2003) (en banc). Failure to timely file

24　objections to any factual or legal determinations of the

25　Magistrate Judge will constitute a waiver of a party's right to

26　appellate review of the findings of fact and conclusions of law

27　in an order or judgment entered pursuant to the recommendation

28　　　　　　　　　　　　　　　　-23-

of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 8th day of February, 2012.

_____

Mark E. Aspey

United States Magistrate Judge

-24-